T.C. Summary Opinion 2002-86

UNITED STATES TAX COURT

SCOTT T. NOBLES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5275-00S.                    Filed July 11, 2002.

Scott T. Nobles, pro se.

<u>Paul K. Voelker</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463.  The decision to be entered is
not reviewable by any other court, and this opinion should not be
cited as authority.  All section references are to the Internal
Revenue Code in effect for the year in issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' 1998
Federal income tax in the amount of $2,088.  After concessions by

both parties, the sole issue for decision is whether petitioner is entitled to a greater automobile mileage allowance than that allowed by respondent.

Some of the facts have been stipulated and are so found. Petitioner resided in North Highlands, California, at the time his petition was filed.

During 1998, petitioner was in the hardwood floor business. Petitioner owned a 1977 Chevrolet Sierra pickup truck and used it exclusively in his business. On his 1998 Federal income tax return, petitioner claimed a deduction for actual automobile expenses in the amount of $13,409. Respondent disallowed that amount, as well as others that have been resolved by concessions, and allowed $6,538 based on a reconstruction of approximately 21,700 miles at the standard mileage rate.

Section 7491 does not apply in this case because petitioner has not complied with all applicable substantiation requirements. Sec. 7491(a)(2)(A).

Section 274(d) requires a taxpayer to substantiate the business use of listed property, as defined in section 280F(d)(4), which includes a pickup truck, by adequate records or by sufficient evidence corroborating the taxpayer's own statement. The limited evidence placed in the record by petitioner fails to persuade us that he is entitled to a greater allowance for mileage than respondent allowed. Accordingly, we

have no choice but to sustain respondent's determination on this point.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the concessions,

<u>Decision will be entered under Rule 155</u>.